David L. JONES, Plaintiff,

v.

SOUTHEAST ALABAMA BASEBALL UMPIRES ASSOCIATION, Defendant.

Civ. A. No. 93–T–667–S.

United States District Court, M.D. Alabama, Southern Division.

Aug. 12, 1994.

Kenneth Coy Sheets, Jr., Dothan, AL, Kenneth Jay Shinbaum, McPhillips, Shinbaum & Gill, Montgomery, AL, for plaintiff.

R. Bruce Hall, Banks Thomas Smith, Hall, Sherrer & Smith, Dothan, AL, for defendant.

### ORDER

MYRON H. THOMPSON, Chief Judge.

Plaintiff David L. Jones has brought this action against defendant Southeast Alabama Baseball Umpires Association, claiming that he was discriminated against because of a physical handicap in violation of the Americans with Disabilities Act, 42 U.S.C.A. §§ 12101–12213, commonly referred to as the "ADA." Jones, who wears a prosthesis because of a leg amputation, alleges that the Association did not reasonably accommodate his handicap when it refused his request for assignment as an umpire for high school varsity baseball games. The Association has moved for summary judgment on the ground that it is not covered by the ADA. Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Once the party seeking summary judgment has informed the court of the basis for its motion, the burden shifts to the non-moving party to demonstrate why summary judgment would be inappropriate. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *see also Fitzpatrick v. City of Atlanta,* 2 F.3d 1112, 1115–17 (11th Cir.1993) (discussing how the responsibilities on the movant and the nonmovant vary depending on whether the legal issues, as to which the facts in question pertain, are ones on which the movant or nonmovant bears the burden of proof at trial). For the reasons that follow, the Association's motion for summary judgment is denied.

### I. BACKGROUND

The Southeast Alabama Baseball Umpires Association supervises the hiring of baseball umpires for high schools in Houston County, Alabama and the surrounding area. From 1989 to 1992, the Association employed Jones as an umpire; although most of his work was at the high school junior varsity level, he drew occasional assignments as a varsity umpire. In 1989, for example, approximately one-fourth of Jones's assignments were at the varsity level. In 1992, Jones notified the Association that he no longer wished to umpire junior varsity games and preferred exclusive assignment to the varsity level during the high school baseball season. In March 1992, the Association informed Jones that its governing board had rejected his request because, due to his prosthetic device, he did not have the mobility to umpire effectively on a regular basis at the more competitive varsity level.[1] According to the Association, its position was based on regulations from the Federation of State High School Associations restricting the appointment of umpires with limited mobility.

Jones filed this lawsuit under the ADA seeking injunctive relief and damages. Jones maintains that his previous umpiring at the varsity level has not been affected by his artificial limb and that the Association is capable of accommodating his disability. The Association responds that it has no obligation to satisfy Jones's preference because his artificial limb limits his ability to perform safely and effectively as an umpire at the varsity level. The Association further argues that it has already attempted to accommodate Jones by assigning him solely to junior varsity games, an assignment which he refused.

In the motion for summary judgment now before the court, the Association contends that it does not fall within the ADA's coverage.[2]

---

1. The Association notified Jones that he had not been officially removed from its roster, but that it would not assign him to any games until his status was resolved.

2. The Association previously moved for summary judgment on the ground that the Jones complaint was time-barred. By order entered on April 19, 1994, the motion was denied on the ground that

## II. DISCUSSION

In determining the scope of the ADA's coverage, it is necessary to examine a number of interrelated definitions contained in the statute. The ADA provides that "No *covered entity* shall discriminate against a qualified individual with a disability because of the disability" in the hiring or selection of employees. 42 U.S.C.A. § 12112(a) (emphasis added). The term "covered entity" includes an "employer" and an "employment agency". 42 U.S.C.A. § 12111(2).

The Association contends first that it does not fall within the ADA's definition of an employer. The ADA provides for two definitions of an "employer." The Act states that, "The term 'employer' means a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person...." 42 U.S.C.A. § 12111(5)(A). The Act further states, however, that, "for two years following the effective date of this subchapter, an employer means a person engaged in an industry affecting commerce who has 25 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year, and any agent of such person." *Id.* Both Jones and the Association agree that it is the second definition that controls in this case.

■ The Association concedes that it has over 25 employees. The Association contends, instead, that its employees are not hired for the 20–week minimum. According to the Association, its "sole purpose is to arrange and provide umpires for area high school baseball games,"[3] and the baseball season lasts only 13 to 14 weeks, from the last week in February through the month of May.[4] Jones responds that the Association has failed to mention that it also assigns its employees to the local city league for its summer youth games that run from the beginning of April through August.[5] As a result, according to Jones, the actual time period in which the Association employs umpires is approximately six months, considerably greater than the required 20–week minimum. In support of this contention, Jones points to a letter to his prior attorney from John Christy, an official of the Association. In the letter, Christy states that "After the 1990 first varsity game assignment the [Association's] Board of Directors voted to use [Jones] for junior varsity and *summer youth games*" and that "Mr. Jones was allow[ed] to serve[ ] on a restricted basis and umpire junior varsity and *summer youth games*."[6] Jones also contends from personal knowledge that he was assigned by the Association to the city league's summer youth games and that the Association has maintained similar responsibilities with respect to other umpires.[7] Jones also contends, based on personal knowledge, that the Association's activities include arranging to pay fees covering the use of umpires in both the high school and city leagues.[8] The Association takes issue with Jones's factual contentions and maintains that it has no relationship with the city league. In any event, because Jones has raised a factual dispute, the court cannot find, as a matter of summary judgment, that the Association is not an employer under the ADA.

The Association also contends that it is not an "employment agency" under the ADA. Under the ADA, the term has the same meaning given the term in Title VII of the

---

there are disputed material factual issues regarding whether Jones filed this lawsuit within the 180–day limitations period for filing employment discrimination claims with the Equal Employment Opportunity Commission. 42 U.S.C.A. §§ 12117, 2000e–5(e).

**3.** Affidavit of John Christy at 1, dated June 24, 1994, and attached to the Association's response filed on August 5, 1994.

**4.** Affidavit of Jones at 1, dated July 25, 1994, and attached to his response filed on July 25, 1994.

**5.** *Id.*

**6.** Jones's exhibit 1, attached to his response filed on July 25, 1994 (emphasis added).

**7.** Deposition of Jones at 38, 42, 61, attached to his response filed on July 25, 1994.

**8.** Affidavit of Jones at 1, dated July 25, 1994, and attached to his response filed on July 25, 1994.

Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e to 2000e–17, 1981a. 42 U.S.C.A. § 12111(7). Title VII defines an employment agency as "any person regularly undertaking with or without compensation to procure employees for an employer or to procure for employees opportunities to work for an employer and includes an agent of such a person." 42 U.S.C.A. § 2000e(c). Unlike the definition for "employer" under the ADA, the definition for "employment agency" does not require a minimum number of either employees or weeks of employment for the agency. Nevertheless, the definition does require that, in order to be an "employment agency," the entity must regularly do business with an "employer," and the term "employer" as used in the definition of "employment agency" is limited to those employers that fall within the definition of "employer".

 In determining whether an entity falls within the statutory definition of employment agency, the court's task is two-fold: first, to determine whether the entity "regularly undertak[es] with or without compensation to procure employees ... or to procure for employees opportunities to work"; and, second, to determine whether the entity does this for an "employer" as that term in defined in the ADA. It is probably beyond dispute that the second part of the definition is satisfied. The schools for which the Association procures umpires are more likely than not "employers" under the ADA. The court cannot, however, say the same with regard to the first part of the definition. It is unclear from the record whether the umpires procured by the Association for schools are employees of the Association or are procured to be employees of the schools; the Association would be an employment agency only if the latter is true. Because there are material facts in dispute, summary judgment may not entered as to whether the Association is an employment agency.

Accordingly, for the above reasons, it is ORDERED that the motion for summary judgment, filed by defendant Southeast Ala-

bama Baseball Umpires Association on July 1, 1994, is denied.